**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30071 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00249-MO-6 |
| v. | |
| FREDY FIGUEROA-MONTES, AKA Huichol, AKA Wichol, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 6, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gonzalo P. Curiel, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Fredy Figueroa-Montes appeals his convictions for conspiracy to manufacture marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and depredation of government property, 18 U.S.C. §§ 2, 1361, in connection with a marijuana growing operation in a national forest. He challenges the jury instructions on his duress defense, which included Instruction 24, a general instruction on duress, and Instructions 25-27, each defining an element of duress. Figueroa-Montes concedes that the general instruction was "correct," but argues that the district court abused its discretion in giving the additional instructions and that, taken as a whole, the duress instructions were therefore misleading. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. Taken as a whole, the duress instructions were not misleading and properly instructed the jury that a duress defense can be based on an implied threat. *See United States v. Chao Fan Xu*, 706 F.3d 965, 985 (9th Cir. 2013); *United States v. Navarro*, 608 F.3d 529, 533 (9th Cir. 2010). Nothing in the definitional instructions undercut the general instruction's explicit statement that "the threat of harm may be express or implied."

2. *Instruction 25.* The instruction's statement that a threat must be "specific" and "direct" to establish duress does not suggest that a threat to a family member, rather than the defendant himself, does not qualify. Indeed, the general duress instruction explicitly stated that duress can be established by a threat to "the

2

defendant or a family member of the defendant." To the extent that Instruction 25 cautioned that a generalized fear by the defendant that members of his family would be harmed did not constitute duress, it reflected settled law. *See Navarro*, 608 F.3d at 533 ("A threat, for purposes of duress, may be express or implied, so long as it is an immediate threat as distinguished from generalized fear.").

**3.** *Instruction 26.* The instruction's definition of the "well-grounded fear" required for duress as an "objectively reasonable fear that the present, immediate, or impending threat will be carried out," did not indicate that a threat to Figueroa-Montes's family in Mexico would not establish duress because they were not "present" at the marijuana growing site. "Present" was plainly used in the instruction in its temporal, not geographical, sense.

**4.** *Instruction 27.* "Under any definition of [duress or necessity,] . . . if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defenses will fail." *United States v. Bailey*, 444 U.S. 394, 410 (1980) (internal quotation marks omitted). This instruction did not impose any improper burden on Figueroa-Montes by identifying "contacting police" and "otherwise removing himself" from the growing operation as potential reasonable, legal alternatives.

**AFFIRMED.**

3